SC

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Ybarra, | No. CV 13-1126-PHX-DGC (SPL) |
| Plaintiff, | |
| vs. | **ORDER** |
| Federal Bureau of Prisons, et al., | |
| Defendants. | |

Plaintiff Robert Ybarra, who is confined in the Federal Correctional Institution (FCI) in Phoenix, Arizona, has filed a *pro se* civil rights Complaint pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and an Application to Proceed *In Forma Pauperis.* (Doc. 1, 6.) The Court will order Defendants Phillips, Fortune, Mathesson, Simmons, Smith, McFadden, and Watts to answer Count 1 of the Complaint and will dismiss the remaining Defendant without prejudice.

**I.     Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will assess an initial partial filing fee of $26.17. The remainder of the fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the

TERMPSREF

fees according to the statutory formula.

## II.     Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v.*

TERMPSREF

*Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*)).

## III.   Complaint

Plaintiff alleges one count for deprivation of property in violation of due process. Plaintiff sues the Federal Bureau of Prisons (BOP), Unit Manager Cherry Phillips, Counselors Yolanda Fortune and Simmons, Case Manager K. Mathesson, former Warden Dennis Smith, former BOP Western Regional Director Robert E. McFadden, National Inmate Appeals Bureau Administrator Harrell Watts.  Plaintiff seeks declaratory, compensatory, and punitive relief.

Except as otherwise indicated, Petitioner alleges the following facts:  on August 15, 1999, Plaintiff was sentenced in this District to serve 17 years in prison and pay $32,181.54 in restitution.  *See United States v. Ybarra*, No. CR98-0427-PHX-ROS, doc. 74.  In 2009, Plaintiff filed a petition for writ of habeas corpus by a federal prisoner under 28 U.S.C. § 2241 asserting that BOP had wrongfully collected restitution payments from him under the Inmate Financial Responsibility Program (IFRP), where the sentencing court failed to make a schedule for payment of restitution during his incarceration as required by the Mandatory Victims Restitution Act (MVRA), 18 U.S.C. §§ 3663-64.  *Ybarra v. Smith,* No. CV09-1447-PHX-DGC (JRI), doc. 1.  On September 17, 2010, Magistrate Judge Voss issued a Report and Recommendation that the petition be granted.  *Id.*, doc. 11.  On December 21, 2010, the Court accepted the Report and Recommendation, granted the petition, and ordered the BOP to stop collecting restitution payments from Plaintiff.  *Id.*, doc. 15.  The Court denied Plaintiff's request that the BOP be required to return the amounts already collected from him.  *Id.*  Plaintiff then filed a motion to hold the respondent in contempt because, after receiving the Court's order, the BOP placed Plaintiff on IFRP refusal status and sanctioned him under 25 C.F.R. § 545.11 by removing him from his job with UNICOR.  *Id.*, doc. 20.  Plaintiff was informed that if he did not want to remain on IFRP refusal status, he would have to enter another contract agreeing to pay restitution under the IFRP.  *Id.*  Plaintiff

signed a new contract and returned to his UNICOR job. *Id.* This Court denied Plaintiff's motion to hold respondent in contempt. *Id.* Plaintiff appealed. On March 13, 2012, the Ninth Circuit Court of Appeals affirmed the denial of the motion for contempt. *Id.*, doc. 28.

In this case, Plaintiff alleges that he requested that the improperly collected funds be returned to him. Defendants Phillips and Fortune told Plaintiff that he had to petition the Court for return of the funds. Defendant Smith told Plaintiff that even though the funds had been improperly collected from him, he was not required to reimburse the funds absent authorization. Defendant McFadden agreed and Defendant Watts responded that Smith and McFadden had adequately addressed Plaintiff's request. Watts also told Plaintiff that BOP was not obligated to refund improperly collected funds through the IFRP. Plaintiff contends that Phillips, Mathesson, and Simmons were responsible for ascertaining Plaintiff's financial responsibilities and knew that the restitution order failed to comply with the MVRA for collecting funds from Plaintiff under the IFRP. Plaintiff contends that they chose ignore the established law and require Plaintiff to participate in IFRP.

## IV.  Failure to State a Claim

To state a *Bivens* claim, a plaintiff must allege that persons acting under color of federal law violated his constitutional rights. *Martin v. Sais*, 88 F.3d 774, 775 (9th Cir. 1996) (citing *Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991)). Thus, an action under *Bivens* is identical to one brought pursuant to 42 U.S.C. § 1983 except for the replacement of a state actor under § 1983 by a federal actor under *Bivens*. *Id.* To state a valid constitutional claim, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant, and he must allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

Plaintiff sues the BOP. However, it is not a proper Defendant. A *Bivens* claim may only be maintained against officials acting under color of federal law in their

individual capacities; neither the United States, nor an agency, are proper defendants under *Bivens*. *See FDIC v. Meyer*, 510 U.S. 471, 486 (1994) (federal agencies are not proper defendants in a *Bivens* action); *Myers v. U.S. Marshals Serv.*, No. CV10-2662, 2011 WL 671998, at *2 (S.D. Cal. Feb. 15, 2011). Accordingly, BOP will be dismissed as an improper Defendant.

## V.     Claim for Which an Answer Will be Required

Liberally construed, Plaintiff states a claim for relief in Count One against the remaining Defendants for failure to return funds taken from him under the IFRP. These Defendants will be required to respond to Count I.

## VI.    Warnings

### A.     Release

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

### B.     Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### C.     Copies

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. *See* LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### D. Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 6) is **granted**.

(2) As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $26.17.

(3) Defendant Federal Bureau of Prisons is **dismissed** without prejudice.

(4) Defendants Phillips, Fortune, Mathesson, Simmons, Smith, McFadden, and Watts must answer Count I.

(5) The Clerk of Court must send Plaintiff a service packet including the Complaint (Doc. 1), this Order, and both summons and request for waiver forms for Defendants Phillips, Fortune, Mathesson, Simmons, Smith, McFadden, and Watts and the United States of America.

(6) Plaintiff must complete and return the service packet to the Clerk of Court within 21 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(7) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on a Defendant within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(i).

(8) The United States Marshal must retain the Summons, a copy of the Complaint, and a copy of this Order for future use.

(9) The United States Marshal must notify Defendants of the commencement

**TERMPSREF**

of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure.  The notice to Defendants must include a copy of this Order.  **The Marshal must immediately file signed waivers of service of the summons.  If a waiver of service of summons is returned as undeliverable or is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must**:

(a) for the individual Defendants Phillips, Fortune, Mathesson, Simmons, Smith, McFadden, and Watts, personally serve a copy of the Summons, Complaint, and this Order at Government expense, pursuant to Rule 4(e)(2) and (i)(2) of the Federal Rules of Civil Procedure; and

(b) send by certified mail a copy of the Summons for each individual Defendant, the Summons for the United States, the Complaint, and this Order to (1) the civil process clerk at the office of the United States Attorney for the District of Arizona *and* (2) the Attorney General of the United States, pursuant to Rule 4(i)(1) of the Federal Rules of Civil Procedure.

(10) **A Defendant who agrees to waive service of the Summons and Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(11) Defendants Phillips, Fortune, Mathesson, Simmons, Smith, McFadden, and Watts must answer the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(12) Any answer or response must state the specific Defendant by name on whose behalf it is filed.  The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

TERMPSREF

1    (13)   This matter is referred to Magistrate Judge Steven P. Logan pursuant to
2    Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as
3    authorized under 28 U.S.C. § 636(b)(1).
4    Dated this 15th day of January, 2014.

David G. Campbell
United States District Judge